B. F. BROCK *et al.*

*v.*

H. R. MORRISON.

*Filed at Ottawa November 20, 1882.*

APPEALS—*reviewing question of fact.* In an action of debt upon an official bond of an officer who had served several years, in each of which he gave a bond, when the only controversy was in what year the officer became a defaulter, a finding by the circuit court that the default happened in the year the bond sued on was given, when affirmed by the Appellate Court, is conclusive upon this court as to the question of fact, and can not be reviewed.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. LOUIS D. HOLMES, for the appellants.

Messrs. BASSETT & WHARTON, for the appellee.

Messrs. PEPPER & WILSON, in reply.

Per CURIAM: This was an action of debt, brought by Morrison, supervisor of the town of Mercer, in Mercer county, on the official bond of Thomas F. McClintock, as treasurer of the commissioners of highways of the town. McClintock was appointed treasurer in the spring of 1876, and was his own successor, from year to year, until the spring of 1881, when he died. The action was brought against appellants, who were sureties on the bond for the year 1878, plaintiff claiming that the treasurer was a defaulter for that year, while the sureties on the bond for that year claimed that the defalcation complained of occurred for the year 1877, and before they became liable as sureties. On the trial in the circuit court a judgment was rendered in favor of plaintiff, which, on appeal, was affirmed in the Appellate Court.

There was no controversy, on the trial in the circuit court, in regard to the fact that McClintock had failed to account for all the money that had come to his hands as treasurer,— the controversy was, in what year he had become a defaulter. That was a question of fact, to be determined from the evidence. The court, a jury having been waived, heard the evidence on this question, and found that the treasurer received the money in 1878, and failed to account for the same, and hence the sureties for that year were liable. The affirmance of the judgment in the Appellate Court settles that question of fact in the same way, and as we are prohibited by the statute from considering controverted questions of fact in this class

of cases, and as no question of law is presented by the record, the judgment of the Appellate Court must be regarded as a final determination of the controversy between the parties.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*